FILED

2022 Aug-05  PM 01:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**MICHELLE BAKER and
CODY BERTA,**

**Plaintiffs,**

**v.**

**FIAT CHRYSLER AUTOMOBILES
US, LLC, *et. al.,***
**Defendants.**

**Civil Action No.:**

## NOTICE OF REMOVAL

Defendant, FCA US LLC ("FCA US") (incorrectly identified in Plaintiffs'

Complaint as "Fiat Chrysler Automobiles US LLC"), hereby removes the above-

captioned action from the Circuit Court of Calhoun County, Alabama to the United

States District Court for the Northern District of Alabama, Eastern Division. As set

forth herein, FCA has complied with the statutory requirements for removal under

28 U.S.C. § § 1441 and 1446, and this Court has diversity jurisdiction over this

action pursuant to 28 U.S.C. § 1332(a)(1). In support, FCA US states as follows:

### I.     PROCEDURAL REQUIREMENTS

1.     This civil action was filed on or about June 23, 2022, and is now

pending in the Circuit Court of Calhoun County, Alabama, Case Number: CV-

1

2022-900287.  (A true and correct copy of the lawsuit along with all State Court pleadings are attached hereto as Exhibit "A", as required by 28 U.S.C. § 1446(a)).

2.      This Notice is timely, as it is filed within one year of the State Action's commencement on June 23, 2022, and within 30 days of personal service of Plaintiffs' Complaint on FCA US on July 5, 2022. *See* 28 U.S.C. § 1446(b)(1).

3.      The State Action is properly removed to the United States District Court for the Northern District of Alabama, Eastern Division, as that is the "district and division embracing the place where [the State Action] is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 81(a)(4) (listing Calhoun County as within the Eastern Division of the Northern District of Alabama).

4.      FCA US will promptly file a copy of this Notice of Removal with the Clerk of Courts for the Circuit Court of Calhoun County, Alabama, and will serve a copy on the other parties to the State Action, as required by 28 U.S.C. § 1446(d).

## II.      BACKGROUND

5.      The Plaintiffs allege that on July 11, 2020, a fire erupted from Plaintiff Cody Berta's 2016 Chrysler Fiat 500X while it was parked in Plaintiffs' driveway. (Plaintiffs' Complaint, ¶ 8). Plaintiffs allege that the fire spread from the Chrysler Fiat to the Plaintiffs' house and another vehicle in the driveway. (Plaintiffs' Complaint, ¶ 9).

6.      Plaintiffs Berta and Baker allegedly suffered multiple injuries as the result of the vehicle fire. (Plaintiffs' Complaint, ¶ 8).

7.      Plaintiffs have brought claims against FCA US for "defective design" (Count One), "manufacturing defect" (Count Two) and "breach of warranty" (Count Three). (Plaintiffs' Complaint, ¶ ¶ 6-20).

8.      Plaintiffs seek damages for medical expenses, pain and suffering, mental anguish, permanent injuries, disfigurement, lost wages, and extensive property damage to Plaintiffs' house and personal vehicle. (Plaintiffs' Complaint, ¶ 12(a)-(h). Plaintiffs also seek punitive damages. (Plaintiffs' Complaint, ¶ 12(g)).

## III.   THE PARTIES

### A.   The Plaintiffs

9.      Plaintiff Michelle Baker is, and at the time of the commencement of this action was, a resident citizen of the State of Alabama with her residence in Calhoun County, Alabama.  (*See* Plaintiffs' Complaint, ¶ 1).

10.     Plaintiff Cody Berta is, and at the time of the commencement of this action was, a resident citizen of the State of Alabama with his residence in Calhoun County, Alabama.  (*See* Plaintiffs' Complaint, ¶ 2).

**B.      The Removing Defendant**

11.    Defendant, FCA US, is now, and was at the time of the commencement of this action, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Michigan. (FCA US Alabama Business Filing, attached hereto as Exhibit "B"). FCA US is therefore a citizen of the States of Delaware and Michigan for purposes of diversity jurisdiction. 28 U.S.C.A § 1332(c)(1).

## IV.    GROUNDS FOR REMOVAL

12.    This case is being removed pursuant to 28 U.S.C. §1441 et seq., inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

13.    This Notice of Removal is also timely filed because it is being submitted within 30 days of service of Plaintiffs' Complaint.

14.    A true and correct copy of this Notice of Removal is being served on counsel for the Plaintiffs this date.

15.    A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Calhoun County, Alabama, this date.

16.    No special bail was or is required in this action.

## V.   JURISDICTION UNDER 28 U.S.C. §1332

17.   This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein there is diversity of citizenship among the parties and the amount in controversy is presumed to exceed $75,000 based on the claims plead.

18.   Plaintiffs seek damages for medical expenses, pain and suffering, mental anguish, permanent injuries, disfigurement, lost wages, and **punitive damages**. (Plaintiffs' Complaint, ¶ 12(a)-(h). In addition to alleging severe, permanent injuries, Plaintiffs seek to recover $23,914.09 in alleged property damage to Plaintiffs' home. (Plaintiffs' Complaint, ¶ 19).

19.   A notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81,89 (2014). Generally, it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal," *Federated Mat. Ins. Co. v. McKinnon Mots., LLC*, 329 F.3d 805, 807 (11th Cir. 2003), and the removing party need only come forward with evidence to establish the amount in controversy "when the plaintiff contests, or the court questions," the allegation that the amount in controversy is met. *Dart Cherokee*, 574 U.S. at 89. The Court has the authority to inquire into the amount of Plaintiffs' claim – it is not "bound by a plaintiff's representations regarding [his]

claim, nor must it assume that the plaintiff is in the best position to accurately assess the amount in controversy." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-63 (11th Cir. 2010).

20.     Plaintiffs can be awarded up to three times their compensatory damages in punitive damages. Ala Code § 6-11-21(a).  With Plaintiffs' alleged property damage alone, punitive damages can be awarded up to $71,742.47 **plus** $23,914.09 in property damage.

21.     Plaintiffs Berta *and* Baker **each seek** compensatory damages for medical expenses, pain and suffering, mental anguish, permanent injuries, disfigurement, and lost wages, *plus* punitive damages.

22.     These allegations are sufficiently substantial to establish that the amount in controversy exceeds the $75,000 threshold. *See Hogan v. Mason*, No. 2:16-BE-1732-S, 2017 WL1331052, at *3 (N.D. Ala. Apr. 11, 2017) ("If true, Mr. Hogan's allegations of permanent, disfiguring and disabling injuries, combined with the on-going physical pain and mental anguish with the accompanying reasonable inference, result in an amount-in-controversy that, more likely than not, exceeds $75,000.") (citing *Gates v. 84 Lumber Co.*, No. 1 5-0076-WS-N, 2015 WL 2345427 (S.D. Ala. May 14, 2015 (similar).

23.     In addition to meeting the requirement that the amount in controversy exceeds $75,000.00, there is complete diversity of citizenship between the Plaintiffs and FCA.

24.     This suit is removed to this Court, under and by virtue of the Acts of Congress of the United States, and the Defendant desires to remove said cause to this Court.

## VI.     RESERVATION OF RIGHTS

25.     FCA US denies the allegations contained in Plaintiffs' Complaint, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor.

WHEREFORE, PREMISES CONSIDERED, this action is properly removed from the Circuit Court for Calhoun County, Alabama to the United States District Court for the Northern  District of Alabama, Eastern Division, for all further proceedings.

Respectfully submitted,

*/s/ Thomas E. Bazemore*
Thomas E. Bazemore, III
(asb-6231-O56T)

/s/ *Jennifer H.R. Egbe*
Jennifer H.R. Egbe
(asb-2332-N75R)

/s/ *Stewart W. McCloud*
Stewart W. McCloud
(asb-9656-A50M)

*Attorneys for Defendant FCA US LLC*

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone: (205) 251-1193
Telecopier: (205) 251-1256
tbazemore@huielaw.com
jegbe@huielaw.com
smccloud@huielaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of August 2022, I electronically filed the

foregoing with the AlaFile system which will serve the following counsel of record

who are AlaFile registrants:


Coker B. Cleveland
Donald C. Murphy
Chase A. Arnold
Cleveland & Murphy, LLC
2120 Leighton Avenue
Anniston, Alabama  36207
coker@modelcitylaw.com
donald@modelcitylaw.com
chase@modelcitylaw.com


*/s/ Jennifer H.R. Egbe*
Of Counsel
